UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| This document relates to: *Bobbie Rollins on behalf of Charlie Blakes v. Bayer, Corp.*, C03-3939 | ORDER GRANTING DEFENDANTS'S MOTION TO STRIKE |

This matter comes before the court on defendant Bayer Corp.'s Motion to Strike or, in the Alternative, to Dismiss the Severed Complaint of Bobbie Rollins on behalf of Charlie Blakes. Having reviewed the parties' briefing, the court finds and rules as follows.

On June 10, 2002, Charlie Blakes was named as one of multiple plaintiffs in a complaint filed in the Western District of Louisiana. An amended complaint was subsequently filed, substituting "Tanya Luckey on behalf of Charlie Blakes" for Blakes in the multi-plaintiff matter. After the case was transferred to this multi-district litigation, the court issued Case Management Order (CMO) 15, requiring plaintiffs involved in multi-plaintiff complaints to file individual severed complaints. The order made clear that plaintiffs were not to allege new facts, make new

ORDER
Page - 1 -

claims, or add new defendants. CMO 15, ¶ (1)(A).

On June 27, 2003 plaintiff Luckey filed a severed complaint in response, which was assigned case number C03-1563. On September 16, 2003, referencing the original multi-party complaint and CMO 15, Bobbie Rollins filed a "Second Amended Complaint" on behalf of Charlie Blakes. This document was given a new case number, C03-3939. On October 24, 2003 plaintiff Luckey's complaint was dismissed for failure to comply with court-ordered discovery.

Defendant now moves the court to strike or dismiss plaintiff Rollins' complaint. According to Bayer, Rollins does not have the authority to file a severed individual complaint under CMO 15, as he was not named as a plaintiff in the original multi-party complaint. Plaintiff does not dispute this. Instead, he claims that the "Second Amended Complaint" was "inadvertently" assigned the new case number, C03-3939, and that his case should be consolidated with plaintiff Luckey's case.

It is unclear to the court what legal effect, if any, the allegedly inadvertent case-number-assignment has on plaintiff's position. Undoubtedly counsel was (or should have been) aware of the "inadvertence," and could have taken steps at the time to correct the apparent error. What is clear for purposes of this motion, however, is that whatever the merits of a motion to consolidate, plaintiff Luckey's case has been dismissed. Consolidation, then, is not an option. The court therefore denies plaintiff's request that his case be consolidated with that of

ORDER
Page - 2 -

1  plaintiff Luckey.
2      What is also clear is that plaintiff does not dispute
3  Bayer's assertion that he had no authority to file his own
4  individual complaint pursuant to CMO 15. The court therefore
5  finds that the complaint is improper and hereby GRANTS defen-
6  dant's motion to dismiss.
7
        DATED at Seattle, Washington this 7th day of July, 2005.
8
9
                                  *Barbara J. Rothstein*
10                                BARBARA JACOBS ROTHSTEIN
                                  UNITED STATES DISTRICT JUDGE